UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 12-40109-01-KES |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | MOTION TO WITHDRAW |
| | ) | GUILTY PLEA |
| LEODAN ANTONIO ERAZO, | ) | |
| Defendant. | ) | |

Defendant, Leodan Antonio Erazo, was charged with illegal reentry after deportation. Erazo filed a petition to plead guilty on October 31, 2012. The petition to plead guilty was printed in both English and Spanish. On November 8, 2012, this court accepted Erazo's plea of guilty after questioning him about his plea pursuant to Federal Rule of Criminal Procedure 11(b). A sentencing hearing was scheduled for December 14, 2012, but Erazo's court-appointed attorney moved to withdraw shortly before that hearing commenced. The motion to withdraw was granted, the sentencing hearing was continued, and new counsel was appointed. The sentencing hearing was reset for January 14, 2013. Before that hearing commenced, Erazo raised concerns about his new attorney and declared his desire to withdraw his plea of guilty. During all hearings, a federally certified court reporter in the Spanish language translated what transpired to Erazo.

# FACTUAL BACKGROUND

On October 31, 2012, Erazo signed and filed a petition to enter a plea of guilty, which included a statement of factual basis, The petition to plead guilty asked in part:

> Question 37: Has any plea agreement been made by you with anyone which causes you to plead GUILTY?
>
> Answer: No.
>
> Question 38: Has anyone made any promise that causes you to plead GUILTY, aside from the promises, if any, set out in your answer to question 37?
>
> Answer: No.
>
> Question 39: Has any officer, attorney or agent of any branch of the government (federal, state or local) promised, suggested or predicted that you will receive a lighter sentence, or probation, or any other form of leniency if you plead GUILTY?
>
> Answer: No.
>
> Question 40: Has the judge made any suggestion as to what the actual sentence will be?
>
> Answer: No.

On November 8, 2012, the court held a hearing pursuant to Federal Rule of Criminal Procedure 11. During that hearing, Erazo was placed under oath, and he participated in a Rule 11 colloquy with the court. As part of the court's exchange with Erazo, the court informed him that he had the right to plead not guilty, and the right to a trial by jury where the government would have to prove all of the allegations made against him beyond a reasonable doubt. Erazo

acknowledged that he understood these rights. The court also asked Erazo if anyone had made him any promises or assurance of any kind to try to get him to plead guilty. Erazo responded "no, ma'am." At no point during the colloquy did counsel for Erazo indicate that Erazo was not competent to respond, nor did he disagree with Erazo's responses.

During the change of plea hearing, the court also advised Erazo that the maximum period of imprisonment that could be imposed if he did plead guilty was not more than ten years. Erazo said he understood. The court also told Erazo that it could not determine his advisory guideline range until the sentencing hearing and that the range determined by the court at sentencing might be different from the estimate Erazo's attorney had given him. Erazo indicated that he understood. Erazo was then advised by the court that his sentence could be more or less than the advisory guideline range. Again Erazo indicated that he understood.

Erazo acknowledged to the court that he had read his factual basis statement, that it had been translated into Spanish for him, and that the statement was the truth. Near the end of the hearing, the court asked Erazo how he pleaded to the charge of illegal reentry after deportation. Erazo responded: "I am guilty of having reentered the country illegally." Docket 40 at 10.

After addressing Erazo in open court, the court found that Erazo had knowingly and voluntarily entered his plea of guilty. The court also found that the factual basis statement signed by Erazo provided an independent factual basis for his plea of guilty. Accordingly, the court accepted Erazo's plea and adjudged him guilty of illegal reentry after deportation. On December 14, 2012, Erazo's court-appointed attorney moved to withdraw before the sentencing commenced. The court granted the motion, and new counsel was appointed to represent Erazo.

The sentencing hearing was reset for January 14, 2013. New counsel was appointed. At the beginning of that hearing, Erazo addressed the court and declared his desire to withdraw his guilty plea. He stated that he disagreed with the presentence report, that neither attorney had helped him, and that he had been told that "they were going to reduce some points, but no points were reduced at all." Erazo stated: "I was told the range was 10 to 16, and I was told if I signed, there was going to—the range was going to be lower but, it's not lower." Docket 41 at 4. He further stated: "The attorney said the points were going to be lower. And from 16 to 10, nothing was lowered. It's still at the same level, and I was told that they were going to go lower. I don't agree." Docket 41 at 4-5.

Erazo then orally moved to withdraw his plea of guilty. A written motion was subsequently filed. The government opposes the motion.

4

**DISCUSSION**

"A defendant may withdraw a guilty plea after the court accepts it but before sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.' " *United States v. Andolini,* 705 F.3d 335, 338 (8th Cir. 2013) (quoting Fed. R. Crim. P. 11(d)(2)(B)). If the defendant demonstrates a "fair and just reason" to withdraw a plea of guilty, the court then considers three factors in determining whether to grant a motion to withdraw a plea of guilty: (1) any assertions of legal innocence, (2) the amount of time between the plea and the motion to withdraw, and (3) the prejudice to the government in granting the motion. *United States v. Maxwell,* 498 F.3d 799, 801 (8th Cir. 2007) (citing *United States v. Austin,* 413 F.3d 856, 857 (8th Cir. 2005)). If the defendant does not demonstrate a "fair and just reason" to withdraw his plea, the court does not need to consider the last three factors. *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996).

"A guilty plea is a solemn act not to be set aside lightly." *United States v. Embrey*, 250 F.3d 1181, 1183 (8th Cir. 2001). "The defendant bears the burden of proving why one of the recognized justifications should permit a withdrawal of what he had solemnly made under oath." *United States v. Smith*, 422 F.3d 715, 723-24 (8th Cir. 2005) (citing *United States v. Morales,* 120 F.3d 744, 747-48 (8th Cir. 1997)). A change of heart on behalf of the defendant, even if made shortly after the entry of a guilty plea, is not sufficient to set aside a guilty plea.

5

*Austin*, 413 F.3d at 857-58; *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992).

Erazo asserts he should be allowed to withdraw his plea of guilty because of his personal characteristics, namely his lack of formal education and inability to speak or understand English. During both the change of plea hearing and the sentencing hearing, Erazo was assisted by a court-certified Spanish interpreter. Both of his attorneys spoke to Erazo outside of court with the use of a Spanish interpreter. The petition to plead guilty was written in both Spanish and English. During the change of plea hearing, the district court conducted a thorough Rule 11 colloquy with Erazo, and Erazo responded that he understood all his rights without hesitation. When asked by the district court how he pleaded to the charge of illegal reentry after deportation, Erazo responded: "I am guilty of having reentered the country illegally." Docket 40 at 10. Furthermore, Erazo is not a novice to the American legal system. According to the presentence report, he has been convicted of, among other things, illegal reentry on three prior occasions. In 2005, Erazo received a sentence of 21 months in custody on an illegal reentry conviction, followed later by an additional 18 months in custody for violating his conditions of supervised release.

The Eighth Circuit Court of Appeals in *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104-05 (8th Cir. 1999), addressed a similar issue with a

Spanish-speaking defendant. Martinez-Cruz, who only spoke Spanish, submitted a petition to plead guilty to the court that was written in both Spanish and English. *Id.* He was assisted by a court-certified Spanish interpreter. The court conducted a Rule 11 colloquy with Martinez-Cruz and accepted the plea of guilty. *Id.* When Martinez-Cruz tried to contend that his plea of guilty was not made knowingly, intelligently, and voluntarily, the court disagreed. *Id.* Similarly, this court finds that under the facts of this case, Erazo's lack of formal education and inability to speak English are not sufficient to state a "fair and just reason" to support the withdrawal of Erazo's plea of guilty.

During the hearing, Erazo also expressed dissatisfaction with both of his counsel. The performance of defense counsel can serve as the requisite "fair and just reason" for withdrawal, but only if the defendant demonstrates both that the performance of defendant's attorney was deficient and the defendant was prejudiced by it. *Andolini,* 705 F.3d at 337. A defendant must show that " 'counsel's representation fell below an objective standard of reasonableness' " to meet the deficient performance requirement. *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). To establish prejudice, a defendant must show " 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland*, 466 U.S. at 694).

7

Erazo expressed dissatisfaction with both counsel at sentencing. "[B]ut dissatisfaction alone does not establish deficient performance or prejudice." *Id.* Erazo has pointed to no errors in the advisory guideline calculations, and the court is unaware of any errors. While Erazo is unhappy with the advisory guideline range, this alone is insufficient to show that his counsel's performance was deficient or that he has been prejudiced. Additionally, even if defense counsel gave Erazo an erroneous estimate of what the ultimate sentence would be, this is not sufficient justification to provide a basis for withdrawal of a plea. *United States v. Thomas*, 705 F.3d 832, 832 (8th Cir. 2013). As a result, the court finds that Erazo's dissatisfaction with his attorneys does not rise to the level of a "fair and just reason" sufficient to support the withdrawal of his plea of guilty.

For the reasons discussed above, the court finds that Erazo has not demonstrated that his lack of formal education and inability to speak English or his dissatisfaction with counsel constitute a "fair and just reason" for him to withdraw his plea.

Based on the foregoing, it is

ORDERED that Erazo's motion to withdraw his plea of guilty (Docket 43) is denied. A new sentencing date will be scheduled. At the beginning of that hearing, the court will discuss with Erazo whether he wants to be represented

by his current court-appointed counsel or whether he wishes to represent himself during the sentencing hearing.

Dated March 8, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE